## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**BRAD E. PROCTOR,**

**Plaintiff,**

v.

Civil Action No. 2:19-cv-00432

**ROANE COUNTY COMMISSION d/b/a ROANE COUNTY**
**SHERIFF'S DEPARTMENT, M. P. KING,**
**N. S. STEPP, S. A. MCDONALD, Z. W. HARTLEY,**

**Defendants.**

## COMPLAINT

For his Complaint against Defendants, Plaintiff Brad E. Proctor states as follows:

### Parties

1. The Plaintiff at all times relevant to this Complaint was a resident of Clay County, West Virginia, within the United States Southern District of West Virginia.

2. Roane County Sheriff's Department is a law enforcement agency within the Southern District of West Virginia, a subdivision of the Defendant County Commission of Roane County, West Virginia.

3. Defendant M. P. King, at all times relevant to this Complaint, was a Roane County Sheriff's Deputy acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual capacity.

4. Defendant N. S. Stepp, at all times relevant to this Complaint, was a state trooper for the West Virginia State Police, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual capacity.

5. Defendant Z. W. Hartley, at all times relevant to this Complaint, was a state trooper for the West Virginia State Police, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual capacity.

6. Defendant S. A. McDonald, at all times relevant to this Complaint, was a state trooper for the West Virginia State Police, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual capacity.

### Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

**Facts**

8. Plaintiff hereby incorporates by reference paragraphs 1-7.

9. On or about January 10, 2018 Mr. Proctor allegedly fled from and successfully evaded Defendant M. P. King. During the vehicle pursuit, Mr. Proctor allegedly caused Defendant M P. King to wreck his cruiser.

10. On January 18, 2018, without warning, Defendants forcibly entered Mr. Proctor's home and arrested him on outstanding warrants.

11. Mr. Proctor immediately laid face down on the floor, completely prone- with his hands spread out above his head.

12. Mr. Proctor did not resist arrest, did not attempt to flee, and was completely compliant.

13. Unprovoked and without justification, M. P. King, N. S. Stepp, S. A. McDonald, and Z. W. Hartley beat, kicked, stomped and punched Mr. Proctor while he lay prone on the floor.

14. Defendants M. P. King, N. S. Stepp, S. A. McDonald, and Z. W. Hartley then handcuffed Mr. Proctor and threw him in the snow. Mr. Proctor laid in the snow with his hands cuffed behind his back while shirtless for over an hour.

15. Upon information and belief and subject to confirmation through discovery, Defendant M. P. King has numerous other incidents of using excessive force against suspects in the past.

16. Upon information and belief and subject to confirmation through discovery, Defendant Roane County Commission, who continues to employ Defendant M. P. King, is aware of numerous other incidents of his excessive force but has failed to take appropriate corrective action.

**COUNT I**
**42 U.S.C. § 1983**
**Excessive Force**
**M. P. King, N. S. Stepp, S. A. McDonald, Z. W. Hartley**

17. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16.

18. The degree of force used against Plaintiff was objectively unreasonable, excessive and

unwarranted and violated Plaintiff's clearly established rights, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

19. The actions of Defendants M. P. King, N. S. Stepp, S. A. McDonald, and Z. W. Hartley were malicious and in bad faith, in violation of clearly established law, or in a wanton or reckless manner, and as a proximate result thereof, the Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, lost wages, suffered embarrassment, humiliation, annoyance, inconvenience, and suffered otherwise, and is entitled to recover damages and such other relief deemed appropriate.

## COUNT II
## 42 U.S.C. 1983
## Roane County Commission

20. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 19.

21. Defendant Roane County Commission has engaged in a pattern, practice or custom of failing to adequately investigate and take corrective action for the misconduct of its employees, including but not limited to, failure to assign independent, unbiased, objective investigators in cases that involve physical injuries to suspects in the care custody and control of Defendant's employees.

22. The deprivation of Plaintiff's rights were caused by the implementation of customs, policies, and/or official acts/omissions of the Defendant to wit: failure to adequately investigate employee misconduct and failure to discipline employees for violations of a citizen's constitutional rights, including, the unjustified use of excessive force.

23. Defendant Roane County Commission, by these acts and omissions has exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights, which its customs and policies pose.

24. The customs and polices violate the Fourth and Fourteenth Amendments to the United States Constitution.

25. As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost wages and is entitled to recover damages for the same, and such other relief deemed appropriate.

## COUNT III
## Bystander Liability
## M. P. King, N. S. Stepp, S. A. McDonald, Z. W. Hartley

26. Plaintiff hereby incorporate by reference the allegations in paragraphs 1 through 25.

27. Defendants M. P. King, N. S. Stepp, S. A. McDonald, and Z. W. Hartley actions and/or omissions violated their duty to uphold the law and  protect the public from illegal acts, regardless of who commits them.

28. As a proximate result of the Defendants' actions and/or omissions, Plaintiff is entitled to recover damages including, but not limited, to physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, and are entitled to recover damages for the same, and such other relief deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, based upon the above stated facts, Plaintiff requests judgment against the defendants in an amount that will fully and fairly compensate him for his injuries including medical expenses, pain and suffering, loss of enjoyment of life, annoyance, aggravation, psychological distress, lost wages, and any other compensatory damages to be proved at trial. Plaintiff requests punitive damages against the defendants, reasonable attorney fees and costs, all other damages provided by law and any other relief this Court deems just and fair.

**JURY TRIAL DEMANDED**

**BRAD E. PROCTOR**
**BY COUNSEL**

**Mark S. Plants  WVSB#9760**
**Plants Law Offices**
**625 D Street**
**South Charleston, WV 25303**
**mplants@plantslaw.com**
**Fax: 304-744-9168**
**Tel: 304-744-9148**