IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BRAD E. PROCTOR,**

       **Plaintiff,**

**v.**                                          **Civil Action No. 2:19-cv-00432**
                                                  **Honorable Joseph R. Goodwin**

**ROANE COUNTY COMMISSION d/b/a**
**ROANE COUNTY SHERIFF'S DEPARTMENT,**
**M.P. KING, N.S. STEPP, S.A. McDONALD,**
**Z.W. HARTLEY,**

       **Defendants.**

**DEFENDANTS, ROANE COUNTY COMMISSION D/B/A ROANE COUNTY**
**SHERIFF'S DEPARTMENT, M.P. KING, S.A MCDONALD, AND Z.W. HARTLEY,**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

       **COME NOW** the Defendants, Roane County Commission d/b/a Roane County Sheriff's Department (*sic*), M.P. King, S.A. McDonald, and Z.W. Hartley, by counsel, Wendy E. Greve, Drannon L. Adkins, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rule 12 of the Federal Rules of Civil Procedure and 7.1(a) of the Local Rules of Civil Procedure, and for their reply in support of their previously filed Motion to Dismiss, state as follows:

## I.   ARGUMENT

**A. Plaintiff's Response is Untimely**

       Initially, it should be noted that Plaintiff's response is untimely.  Pursuant to Local Rule 7.1(a)(7), responses to motions are to be filed within 14 days of from the date of service of the motion.  The Defendants filed their motion to dismiss on September 19, 2019.  <u>ECF Nos. 7 and 8</u>.  Thus, Plaintiff's deadline for filing his response was on or

1

before October 3, 2019. Plaintiff did not file his response until October 8, 2019. ECF No. 9. Thus, Plaintiff's response was untimely and should be disregarded.

**B. Plaintiff's Monell Claim Against the Roane County Commission Fails as a Matter of law**

Plaintiff fails to allege that his federal constitutional rights were violated pursuant to an unconstitutional policy or custom fairly attributable to the Roane County Commission. See ECF 1. Thus, Plaintiff fails to state a claim pursuant to 42 U.S.C. §1983 against the Roane County Commission.

In his response, Plaintiff contends that paragraphs 15 and 16 of his complaint set forth sufficient facts to plausibly establish his Monell claim against the Roane County Commission. ECF No. 7, at p. 4-6. Those paragraphs merely assert that Deputy King has prior instances of alleged excessive force and that the Roane County Commission continues to employ Deputy King. ECF No. 1, at ¶¶ 15-16.

"[A] local government cannot be held liable solely because it employs a tortfeasor[.]" Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). In other words, "[l]iability under § 1983 of a local government for a constitutional violation cannot be premised solely upon the doctrine of respondeat superior." Cortez v. Prince George's Cty. Maryland, 31 Fed.App'x 123, 128 (4th Cir. 2002) (citations omitted).

Yet that is precisely what Plaintiff is attempting to do. In his response, Plaintiff contends that paragraphs 15 and 16 of his complaint set forth sufficient facts to plausibly establish his Monell claim against the Roane County Commission. ECF No. 7, at p. 4-6. Those paragraphs merely assert that Deputy King has prior instances of

alleged excessive force and that the Roane County Commission continues to employ Deputy King. ECF No. 1, at ¶¶ 15-16. However, Plaintiff does not provide a single factual allegation regarding such alleged prior instances of excessive force. *See generally*, ECF No. 1.

An unconstitutional policy or custom may be established as follows:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463 (4th Cir. 2003) (citations omitted).

According to his response, Plaintiff appears to be asserting his claims under the third and fourth categories. Plaintiff contends that based upon the allegation in paragraphs 15 and 16 it is "reasonable to infer that the Roane County Commission has a pattern, practice, or custom of failing to adequately discipline and/or objectively investigate its own employees—particularly the unjustified use of force." ECF No. 9, at p. 5. Plaintiff further contends that based upon those same allegations, it is "reasonable to infer that the Roane County Commission has exhibited a deliberate indifference to multiple acts of excessive force and violence." Id.

While "the inadequacy of police training may serve as the basis for § 1983 liability," it is "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."

Connick v. Thompson, 563 U.S. 51, 61 (2011) (internal citations omitted). A deliberate indifference theory arises only when "policymakers are on actual or constructive notice that a particular omission in their training program causes … employees to violate citizens' constitutional rights … if the policymakers chose to retain that program."  Id. That is, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id.  In other words, "the need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390.

Thus, deliberate indifference for purposes of § 1983 may be alleged in two ways. First, the plaintiff may allege "[a] pattern of similar constitutional violations by untrained employees." Connick, 563 U.S. at 62 (citations omitted). "Policymakers' continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." Id. Second, "in a narrow range of circumstances," a plaintiff may allege deliberate indifference by reference to only a single incident. Id. at 63.

Here, however, Plaintiff's Complaint is devoid of any allegations that the training of Deputy King was deficient or that the Roane County Commission had any knowledge that its training program was allegedly deficient. ECF No. 1.  In fact, there is not a single allegation concerning Deputy King's training (or the purported lack thereof) in the

Complaint. Thus, Plaintiff has failed to adequately allege a Monell claim under the deliberate indifference category.

Moreover, there are no acts alleged which would support a claim of a "practice" or "custom." A custom is a "relevant practice [that] is so widespread as to have the force of law." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 404 (1997). Customs are also defined as "persistent and widespread practices of municipal officials which although not authorized by written law, are so permanent and well-settled as to [have] the force of law." Spell v. McDaniel, 824 F.2d 1380, 1386 (4th Cir. 1987) (brackets and ellipsis removed from original).

However, isolated incidents are simply insufficient to meet this standard. As stated by the Fourth Circuit, "[i]t is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes." Lytle, 326 F.3d at 473. "Rather, there must be 'numerous particular instances' of unconstitutional conduct in order to establish a custom or practice." Id. The Lytle Court held that failure to establish numerous incidents of similar conduct prior to the conduct at issue is fatal to an unconstitutional custom claim. Id.

Plaintiff's complaint does not allege facts that plausibly show the "numerous particular instances of unconstitutional conduct" necessary establish the pattern or practice category. ECF No. 1. There are no facts purporting to allege any other uses of force by Deputy King or that such unidentified incidents of purported uses of force were even remotely similar to the situation Deputy King encountered with the Plaintiff. Id. Thus, here, as is this case in Lytle, Plaintiff has failed to plausibly allege any similar conduct occurring before the alleged conduct.

As Plaintiff has failed to plausibly enumerate the existence of an unconstitutional policy or custom resulting in his alleged constitutional deprivations, and the Roane County Commission cannot be held vicariously liable for the acts of its employees, Plaintiff has failed to state a claim against it pursuant to 42 U.S.C. §1983.

**C. Plaintiff's Excessive Force and Bystander Liability Claims Should be Dismissed pursuant to Iqbal/Twombly.**

Count I of Plaintiff's complaint fails to provide a short and plain statement of his claim under Rule 8(a)(2), and, therefore, it fails as a matter of law. The same is true for Count III.

While Plaintiff purports to bring excessive force and bystander liability claims against the Individual Defendants, the Complaint does not allege facts that puts any of the Individual Defendants on notice of what they did or did not do.

In his response, Plaintiff asserts that paragraphs 9 through 14 of his Complaint "allow the court to draw reasonable inferences that all the named officers used excessive force." ECF No. 9, at p. 3.  Plaintiff contends that the Individual Defendants "beat, kicked, stomped and punched [him] while he lay prone on the floor" and that thereafter they "handcuffed [him] and threw him in the snow." ECF No. 1, at ¶¶ 13-14.

However, Plaintiff fails to allege facts purporting to show which Defendant did what. Instead, Plaintiff merely alleged that each individual Defendant did everything. ECF No. 1.

In "§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Thus, to achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that each defendant is

6

liable, and those facts must be more than "merely consistent with the defendant's liability" to raise the claim from merely possible to probable. Id. at 678; *see also* Preast v. McGill, 65 F.Supp.2d 395, 403 (S.D.W.Va. 1999) (civil rights complaint can survive a motion to dismiss only if it "alleges the specific conduct violating the plaintiff's right, the time and the place of that conduct, and the identity of the responsible officials."); Proctor v. Metro. Money Store Corp., 579 F.Supp.2d 724, 744 (D. Md. 2008) (allegations that "all three individuals committed each and every act must be read as an allegation that one of the three did each act, an assertion that amounts to speculation and which is deficient under Twombly.").

No claim is plausible without identification of the actor and without specific allegations concerning that actor's conduct. Group pleading, such as that engaged in by Plaintiff, amounts to little more than "labels and conclusions" which are insufficient to plead a cause of action. There is no specific mention of facts that in any way show that which, if any, of the Individual Defendants could plausibly be liable. The allegations in the Complaint are the definition of "naked assertions" of wrongdoing that the holdings in Twombly and Iqbal seek to prevent. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

Similarly, as to his bystander liability claim, Plaintiff does not allege any facts purporting to show who did what (or failed to do anything), again opting to assert that everyone did everything (or nothing). ECF No. 1, at Count III. This assertion, however, is not a factual allegation, but a legal conclusion, which is deficient under Iqbal and Twombly.

Accordingly, Counts I and III of Plaintiff's Complaint should be dismissed.

**D.  Plaintiff's Bystander Liability Claim Fails as A Matter of Law**

Plaintiff's "Bystander Liability" claim fails for another reason—that Plaintiff has failed to allege even the basic elements of such a claim.

As noted by the Fourth Circuit, bystander liability requires proof that an officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's Cty., Md., 302 F.3d 188, 202 (4th Cir. 2002) (internal footnote omitted); Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411 (4th Cir. 2014).  Plaintiff's factual allegation is that the Individual Officers' "actions and/or omissions violated their duty to uphold the law and protect the public from illegal acts, regardless of who commits them."  ECF No. 1 at ¶ 27.

In his response, Plaintiff contends that because "all of the officers 'attacked' Plaintiff equally[,]" and that because "all of the named individuals forced Plaintiff to lay in the snow[,]" that one can infer that all of the Individual Defendants were present, had the opportunity to stop the use of force, and all chose not to do so. ECF No. 9, at p. 4.

The arguments of counsel do not cure Plaintiff's failure to allege facts supporting his bystander liability claim.  Plaintiff's complaint is wholly silent as to what each Individual Defendant witnessed; whether each Individual Defendant was aware that the other Individual Defendants were allegedly violating Plaintiffs constitutional rights; whether each Individual Defendant had a reasonable opportunity to prevent the same; or that each Individual Defendant chose not to act. ECF No.1.

As noted above, in "§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.  Plaintiff's group pleading that everyone did (or

witnessed everything) and that everyone (or no one) intervened, is simply speculative and does not rise to the level of plausibility required under Twombly.  Proctor, 579 F.Supp.2d at 744.

Accordingly, Plaintiff's "Bystander Liability" claim fails as a matter of law and should be dismissed.

**E. Plaintiff Fails to Address the Defendants' arguments that the Fourteenth Amendment does not govern his Excessive Force Claim and that Plaintiff Cannot Recover Punitive Damages from the Roane County Commission**

In their motion to dismiss, the Defendants asserted that Plaintiff cannot maintain an excessive force claim under the Fourteenth Amendment because the Fourth Amendment provides the specific constitutional right at issue. ECF No. 8, at p. 10-11.

The Roane County Commission also asserted that Plaintiff could not seek punitive damages from it because (1) punitive damages are not available against municipalities in § 1983 claims; and (2) the West Virginia Tort Claims and Insurance Reform Act precluded recovery of punitive damages to the extent Plaintiff had alleged state-law claims. Id. at 11.

Plaintiff appears to concede these arguments, as he does not address them in his response in opposition to the motion to dismiss. ECF No. 9.  See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (authorizing district court, after allowing plaintiff an opportunity to respond, to "rule on the [defendant's] motion and dismiss [the] suit on the uncontroverted bases asserted therein"); Blankenship v. Necco, LLC, 2018 U.S. Dist. LEXIS 124142, at *27 (S.D.W.Va. 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the

point or abandons the claim."); <u>Casto v. Branch Banking & Tr. Co.</u>, 2018 U.S. Dist. LEXIS 148, at *23 (S.D.W.Va. 2018) (same).

## II.   CONCLUSION

**WHEREFORE,** as Plaintiff's Complaint fails to state a claim for which relief may be granted against these Defendants, they respectfully request that this Honorable Court dismiss the claims against them, with prejudice.  These Defendants request any and all other such further relief, including costs and attorneys' fees, whether legal or equitable in character, as to which they may be entitled and to which this Court deems just and proper.

ROANE COUNTY COMMISSION d/b/a
ROANE COUNTY SHERIFF'S DEPARTMENT,
M.P. KING, S.A. MCDONALD, and Z.W. HARTLEY

By Counsel

*/s/ Drannon L. Adkins*
WENDY E. GREVE, ESQ. (WVSB #6599)
DRANNON L. ADKINS, ESQ. (WVSB #11384)

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile: (304) 342-1545
E-Mail:  wgreve@pffwv.com; dadkins@pffwv.com

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**BRAD E. PROCTOR,**

       **Plaintiff,**

**v.**                                     **Civil Action No. 2:19-cv-00432**
                                            **Honorable Joseph R. Goodwin**

**ROANE COUNTY COMMISSION d/b/a**
**ROANE COUNTY SHERIFF'S DEPARTMENT,**
**M.P. KING, N.S. STEPP, S.A. McDONALD,**
**Z.W. HARTLEY,**

       **Defendants.**

## CERTIFICATE OF SERVICE

       The undersigned counsel for defendants, Roane County Commission d/b/a Roane County Sheriff's Department and M.P. King, does hereby certify on this **14th day of October, 2019**, that a true copy of the foregoing "***DEFENDANTS, ROANE COUNTY COMMISSION D/B/A ROANE COUNTY SHERIFF'S DEPARTMENT, M.P. KING, S.A MCDONALD, AND Z.W. HARTLEY, REPLY IN SUPPORT OF MOTION TO DISMISS***" was served upon counsel of record by depositing same to them in the U.S. Mail, postage prepaid, and addressed as follows:

Mark S. Plants, Esquire
Plants Law Offices
625 D Street
South Charleston, WV 25303
*Counsel for Plaintiff*


                                        */s/ Drannon L. Adkins*
                                        WENDY E. GREVE, ESQ. (WVSB #6599)
                                        DRANNON L. ADKINS, ESQ. (WVSB #11384)


**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile: (304) 342-1545
E-Mail:  wgreve@pffwv.com; dadkins@pffwv.com

11