# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRAD E. PROCTOR,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:19-cv-00432

ROANE COUNTY COMMISSION d/b/a ROANE COUNTY
SHERIFF'S DEPARTMENT, M. P. KING,
N. S. STEPP, S. A. MCDONALD, Z. W. HARTLEY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Roane County Commission d/b/a Roane County Sheriff's Department, M. P. King, S. A. McDonald, and Z. W. Hartley's Partial Motion to Dismiss. (ECF No. 7.) For the reasons discussed more fully below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

### I.     BACKGROUND

This 42 U.S.C. § 1983 action arises out of an incident where Defendants M. P. King ("Deputy King"), N. S. Stepp ("Trooper Stepp"), S. A. McDonald ("Trooper McDonald"), and Z. W. Hartley ("Trooper Hartley") allegedly struck and injured Plaintiff Brad Proctor ("Plaintiff") without justification while executing an arrest warrant. Plaintiff alleges that on January 18, 2018, Deputy King, as well as Troopers Stepp, McDonald, and Hartley arrested Plaintiff on outstanding warrants at Plaintiff's residence located in Clay County, West Virginia. (ECF No. 1 at 1–2, ¶¶ 1,

1

10.) Plaintiff further alleges that, at that time, he "immediately laid face down on the floor, completely prone- [sic] with his hands spread out above his head" and that he "did not resist arrest, did not attempt to flee, and was completely compliant." (*Id.* at ¶¶ 11, 12.) Then, Plaintiff asserts Deputy King, Trooper Stepp, Trooper McDonald, and Trooper Hartley "beat, kicked, stomped, and punched" him while he laid on the floor. (*Id.* at ¶ 13.) After the beating, Plaintiff alleges he was handcuffed and thrown in the snow, where he laid "with his hands cuffed behind his back while shirtless for over an hour." (*Id.* at ¶ 14.)

On September 19, 2019, Defendants filed their Partial Motion to Dismiss. (ECF No. 7.) Plaintiff responded, (ECF No. 9), and Defendants timely replied, (ECF No. 18). As such, this motion is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels,

conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

Plaintiff's Complaint alleges the following three causes of action: (1) excessive force under 42 U.S.C. § 1983 in violation of the Fourth and Fourteenth Amendments to the United States Constitution against the individual defendants; (2) municipal liability under 42 U.S.C. § 1983 in violation of the Fourth and Fourteenth Amendments to the United States Constitution against the Roane County Commission; and (3) bystander liability against the individual defendants. Defendants challenge all three counts as well as Plaintiff's prayer for punitive damages. Each argument is addressed in turn.

#### A. Count I for Excessive Force Under 42 U.S.C. § 1983

Defendants contend that the Complaint fails to state a claim because it does not differentiate the actions of the multiple Defendants and "merely asserts[s] that everyone did everything." (ECF No. 8 at 8.) Defendants further argue that the Complaint fails to put them on notice and that Plaintiff's claims are insufficiently pled labels and conclusions. "The Fourth Amendment protects the people against unreasonable seizures—i.e., as applicable in this case—against officers' use of excessive force in effecting a seizure." *Redding v. Boulware*, 501 F. App'x 238, 242 (4th Cir. 2012) (citations omitted). When evaluating a claim for excessive force, the

3

court must consider whether the police officer's actions were "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Factors to be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

While the Complaint does not assert which Defendants threw which punches, it does permit the reasonable inference that these Defendants are liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Plaintiff asserts that Deputy King, Trooper Stepp, Trooper McDonald, and Trooper Hartley "beat, kicked, stomped, and punched" him without justification or provocation and then proceeded to handcuff him and throw him in the snow, where he laid "with his hands cuffed behind his back while shirtless for over an hour." (ECF No. 1 at 2 ¶¶ 13–14.) It can be reasonably inferred that the beating of a suspect by multiple police officers involved force. Further, assuming Plaintiff did not attempt to flee, resist arrest, and was completely compliant, as pled, the Court finds that Plaintiff's allegations are sufficient to state a claim for excessive force under Section 1983.[1] Defendants' Motion to Dismiss is **DENIED** as to Count I.

---

[1] The United State Supreme Court has explicitly held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In his Complaint, Plaintiff bases his claims for excessive force on both the Fourth and Fourteenth Amendments even though he claimed to be under arrest at the time the alleged excessive force was used. Defendants assert that this claim is improperly plead, and Plaintiff appears to concede this argument as it is not addressed in his response. To the extent Plaintiff's claim for excessive force relies on the Fourteenth Amendment, it is **DISMISSED WITH PREJUDICE**.

### B. *Count II for Municipal Liability Under 42 U.S.C. § 1983*

Next Defendants argue Plaintiff fails to state a claim for municipal liability because he "fails to allege that his federal constitutional rights were violated pursuant to an unconstitutional policy or custom fairly attributable to the Roane County Commission." (ECF No. 8 at 4.) To withstand a motion to dismiss, the complaint must "identify" the municipal "policy or custom" that resulted in the alleged violation of the plaintiff's rights. *Walker v. Prince George's Cty.*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Bd. of Cty. Com'rs v. Brown*, 520 U.S. 397, 403 (1997)). For municipal liability to attach, the policy or custom must have a "specific deficiency or deficiencies . . . such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citation omitted). Without a direct link between an official policy or custom and the plaintiff's alleged injuries, there is no basis for municipal liability under Section 1983. *Id.* (explaining that "[a] careful examination of this 'affirmative link' is essential to avoid imposing liability on municipal decisionmakers in the absence of fault and causation.).

> A municipal policy or custom may be established as follows:
>
> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citing *Carter*, 164 F.3d at 217). Municipal liability is found not only in written regulations and affirmative decisions, but also "in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens." *Carter*, 164 F.3d at 218 (citing *City of Canton v.*

*Harris,* 489 U.S. 378, 388–89 (1989)). This type of informal municipal custom may arise "if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (internal quotation marks omitted). The Fourth Circuit notes that a plaintiff is most likely to slip into the "forbidden realm" of *respondeat superior* liability when he makes claims based on a policy of deliberate indifference or on an unconstitutional custom. *Id.* "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.*

In this case, Plaintiff does not allege that the Roane County Commission endorsed an unconstitutional formal policy. Rather, he argues the Commission exhibited deliberate indifference by failing to discipline Deputy King or to investigate his history of excessive force. (ECF No. 9 at 5–6.) Plaintiff offers no examples of these alleged prior violations and fails to allege a municipal policy or custom that could have caused his injury. Plaintiff has not even alleged facts to support the conclusion that the Roane County Commission was aware of any of Deputy King's prior incidents of excessive force. Thus, Plaintiff has failed to plead an affirmative link between his own allegations and the Commission's potentially inculpatory unconstitutional custom. *See Carter*, 164 F.3d at 219 ("Past incidents of excessive force do not make unlawful arrests or unreasonable searches or seizures 'almost bound to happen, sooner or later, rather than merely likely to happen in the long run.' . . . This nebulous chain fails the 'rigorous standards of culpability and causation' required for municipal liability under section 1983.") Plaintiff has failed to

allege facts that would entitle him to relief under this claim.  Accordingly, Defendants' motion to dismiss Plaintiff's municipal liability claim is **GRANTED**, and Count II is **DISMISSED WITHOUT PREJUDICE**.

### C. Count III for Bystander Liability

Defendants argue Plaintiff's Complaint fails to state a claim for bystander liability and that this claim also fails as a matter of law.  (ECF No. 8 at 9–10.)  "The concept of bystander liability is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." *Randall v. Prince George's Cty., Md.*, 302 F.3d 188, 203 (4th Cir. 2002).  "[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id*. at 204 (internal footnote omitted).

Defendants contend that Plaintiff failed to allege that any of the individual Defendants knew another officer was violating Plaintiff's constitutional rights.  (ECF No. 8 at 9.)  However, when Plaintiff's Complaint is taken as true, as is required, it would be obvious to any police officer that the unprovoked beating of Plaintiff and subsequently leaving him handcuffed and shirtless in the snow for an extended period of time is a violation of Plaintiff's rights.  Plaintiff further alleges all four Defendant officers participated in the beating and were present for the entirety of the facts alleged.  Therefore, Plaintiff has pled "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Defendants' Motion to Dismiss is **DENIED** as to Count III.

### D. Request for Punitive Damages

Finally, Defendants contend that it is well established that punitive damages are precluded against municipalities by both the Supreme Court of the United States and under West Virginia

law. (ECF No. 8 at 11.) Defendants are correct. West Virginia Code Section 29–12A–7(a) provides, in relevant part, that:

> in an action against a political subdivision or its employee to recover damages for injury, death, or loss to persons or property for injury, death, or loss to persons or property caused by an act or omission of such political subdivision or employee:
>
> (a) . . . an award of punitive or exemplary damages against such political subdivision is prohibited.

Further, with respect to Plaintiffs federal Section 1983 claims, the United States Supreme Court has explicitly held that municipalities are "immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff's claims for punitive damages against the Roane County Commission are **DISMISSED**. However, Plaintiff's punitive damages claim may continue against the police officers in their individual capacities.

## IV.    CONCLUSION

For the forgoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    March 4, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE